UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| KENNETH T. MORSE, | Case No. 13-CV-0150 (PJS/SER) |
| Plaintiff, | |
| v. | ORDER |
| MIDWEST INDEPENDENT TRANSMISSION SYSTEM OPERATOR, INC., | |
| Defendant. | |

Ryan H. Ahlberg, AHLBERG LAW, PLLC, for plaintiff.

R. Anthony Prather and Shawn L. Pearson, BARNES & THORNBURG LLP, for defendant.

Defendant Midwest Independent Transmission System Operator, Inc. ("MISO") moves pursuant to 28 U.S.C. § 1404(a) to transfer this matter to the United States District Court for the Southern District of Indiana. ECF No. 10. Section 1404(a) authorizes a federal district court to transfer a civil action to another federal district court "[f]or the convenience of the parties and witnesses." Courts must consider "three general categories of factors . . . when deciding a motion to transfer: (1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice." *Terra Int'l, Inc. v. Miss. Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997).

As a general matter, "federal courts give considerable deference to a plaintiff's choice of forum and thus the party seeking a transfer under section 1404(a) typically bears the burden of proving that a transfer is warranted." *Id*. at 695. It is true that courts give minimal weight to a

plaintiff's choice of forum when the plaintiff does not reside in the forum and "no relevant connection exists" between the forum (on the one hand) and the plaintiff, the defendant, the witnesses, and the dispute (on the other hand). *In re Apple, Inc.*, 602 F.3d 909, 913 (8th Cir. 2010). Under such circumstances, "the risk that the plaintiff chose the forum to take advantage of favorable law or to harass the defendant increases." *Id*.

In this case, however, Morse's choice of forum is entitled to considerable deference, even though Morse himself no longer lives in Minnesota, as there is a "relevant connection" between Minnesota (on the one hand) and Morse, MISO, potential witnesses, and the dispute (on the other hand):

Morse has a strong connection to Minnesota. At the time of the events in question, Morse was living in Minnesota and working for MISO in Minnesota, and the injuries that he suffered on account of MISO's allegedly unlawful acts were, for the most part, suffered in Minnesota.

MISO also has a strong connection to Minnesota. Its website, in fact, lists two "headquarters": one in Carmel, Indiana, and one in St. Paul, Minnesota. *See Contact Us*, Midwestern Independent Transmission System Operator, Inc., https://www.midwestiso.org/AboutUs/ContactUs/Pages/ContactUs.aspx (last visited Apr. 17, 2013).

Almost all of those who are likely to be called as witnesses also have a strong connection to Minnesota. Although two of the three people who made the decision to fire Morse live in Indiana, that decision was based entirely on events that occurred in Minnesota and that were witnessed by MISO's Minnesota employees. Indeed, it appears that the four most crucial witnesses in this case (other than Morse) will be Morse's supervisor (Anthony Rowan), the co-

employee whose alleged harassment by Morse led to his termination (Tracy Kinsella), the HR representative who investigated Morse's conduct and participated in the decision to fire him (Shannon Kahnk), and the psychologist who diagnosed Morse as suffering from Asperger's Syndrome (Rebecca Quintela-Smith). All of these witnesses, at least so far as the record reflects, live in Minnesota.

Finally, the dispute that is the subject of this lawsuit has a strong connection to Minnesota. This lawsuit was brought under the Minnesota Human Rights Act (as well as federal law) by a plaintiff who, at the time of the events giving rise to the lawsuit, was living and working in Minnesota. The lawsuit will turn on whether Morse was suffering a disability in Minnesota, whether he was accommodated in Minnesota, whether his supervisor acted inappropriately toward him in Minnesota, and whether he acted inappropriately toward a co-worker in Minnesota.

In sum, this lawsuit has a far stronger connection to Minnesota than it does to Indiana or any other state. Obviously, Morse did not file suit in Minnesota "to take advantage of favorable law or to harass the defendant." *In re Apple*, 602 F.3d at 913. Rather, he filed suit in Minnesota because Minnesota is the center of gravity of this lawsuit. Under the circumstances, Morse's choice of forum is entitled to considerable deference.

MISO has not come close to providing a sufficient reason to disregard Morse's choice of forum. MISO's argument boils down to a complaint that two of the three employees who made the decision to fire Morse live in Indiana — and thus, if the case is tried, those two employees will have to spend a couple of days in Minnesota. As complaints of inconvenience go, this is almost trivial, and the inconvenience that will be suffered by these two employees if the case is

tried in Minnesota is clearly outweighed by the inconvenience that will be suffered by the other witnesses if the case is tried in Indiana. Save for Morse himself and the two corporate employees identified by MISO, every other potential witness — including Rowan, Kinsella, Kahnk, Quintela-Smith, and all of the MISO employees who witnessed the events in question — appears to live in Minnesota. Were the case to be transferred to Indiana, none of these witnesses would be within the subpoena power of the court. Fed. R. Civ. P. 45(c)(3)(A)(ii). Either critical testimony would have to be presented by video — which is never as effective as live testimony — or, if the witnesses volunteered to appear at trial, the witnesses would have to bear the inconvenience and expense of traveling to Indiana. And, of course, Quintela-Smith would not travel for free, meaning that the cost to Morse of presenting her live testimony would escalate dramatically.[1]

Morse selected Minnesota as the forum for this lawsuit, most of the events that will be the focus of this lawsuit occurred in Minnesota, most of the injuries allegedly caused by MISO's conduct were suffered in Minnesota, and most of those who will likely testify live in Minnesota. The case will not be transferred to Indiana.

---

[1] It should be noted that Quintela-Smith is not only an expert witness, but a fact witness, and that transferring the case to Indiana would not only create hardship for her (and her patients), but for *Morse*.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED that the motion to transfer venue of defendant Midwest Independent Transmission System Operator, Inc. [ECF No. 10] is DENIED.

Dated:  April 17, 2013                     s/Patrick J. Schiltz
                                           Patrick J. Schiltz
                                           United States District Judge