UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| KENNETH T. MORSE, | Case No. 13-CV-0150 (PJS/SER) |
| Plaintiff, | |
| v. | ORDER |
| MIDWEST INDEPENDENT TRANSMISSION SYSTEM OPERATOR, INC., | |
| Defendant. | |

---

Ryan H. Ahlberg, AHLBERG LAW, PLLC, for plaintiff.

Shawn L. Pearson and R. Anthony Prather, BARNES & THORNBURG, LLP, for defendant.

Plaintiff Kenneth T. Morse was fired by his employer, defendant Midwest Independent Transmission System Operator, Inc. ("MISO"), after he took a female coworker to lunch, told her that he was in love with her, and told her that he had sexual fantasies about her. Morse sued MISO, claiming that MISO failed to accommodate his Asperger's syndrome and thereby violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., and the Minnesota Human Rights Act ("MHRA"), Minn. Stat. § 363A.01 et seq.[1]  MISO now moves for summary judgment on Morse's claims.

---

[1] Morse's complaint [ECF No. 1-1] raises ten counts against MISO, including claims of retaliatory discharge, discriminatory discharge, and sex discrimination.  Morse, however, confirmed at the hearing on MISO's motion for summary judgment that he is pursuing only the failure-to-accommodate claims pleaded in Counts I and V of his complaint.  Accordingly, Morse's remaining claims are dismissed.

The facts of this case are familiar to the parties and will not be repeated here. For the reasons stated on the record at the December 9, 2013 hearing and briefly summarized below, MISO's motion for summary judgment is granted.

*First*, there is no evidence that Morse suffered a "disability" for purposes of the ADA or the MHRA. *See* 42 U.S.C. § 12102(1) (defining "disability," in part, as "a physical or mental impairment that substantially limits one or more major life activities . . . ."); Minn. Stat. § 363A.03, subd. 12 (defining disability as "any condition or characteristic that renders a person a disabled person," and defining "disabled person," in part, as any person who has an impairment which "materially limits one or more major life activities . . . ."). Simply put, there is no evidence that Morse was substantially or materially limited in performing any major life activity on account of his Asperger's syndrome, and Morse himself testified that he did not regard his condition as severe. *See* Morse Dep. 13-14 [ECF No. 29-1].

*Second*, even if Morse were disabled for purposes of the ADA or the MHRA, MISO did not have a duty to accommodate that disability unless Morse "require[d] an accommodation in order to be able to perform the essential functions of the job." *Brumfield v. City of Chicago*, 735 F.3d 619, 632 (7th Cir. 2013). "[A]n employer need not accommodate a disability that is irrelevant to an employee's ability to perform the essential functions of [his] job — not because such an accommodation might be unreasonable, but because the employee is fully qualified for the job without accommodation and therefore is not entitled to an accommodation in the first place." *Id*. There is no evidence that Morse's Asperger's syndrome interfered with his ability to perform his job. Indeed, all of the evidence is to the contrary. Morse himself characterized his work performance as "[e]xcellent," Morse Dep. 37, and MISO apparently agreed, as it promoted

Morse twice, the second time less than a month before his termination, *id*. at 64-65. In short, even if Morse were disabled, he proved that he did not need an accommodation in order to perform the essential functions of his job.

*Third*, even if MISO had a duty to accommodate Morse's disability, MISO provided the one and only accommodation requested by Morse: an apology from his supervisor for calling Morse "stupid" several months earlier. The same day that Morse informed MISO of his Asperger's syndrome by leaving a note in the mailbox of a human-resources representative, the representative met with Morse, asked him what accommodation he was seeking, and discussed his request for an apology. *See* Morse Dep. 72-73. Shortly thereafter, Morse's supervisor apologized to him about the derogatory comment. *Id*. at 48. MISO promptly gave Morse the only accommodation that he sought.

*Finally*, even if MISO did not adequately accommodate Morse (because, as he claims, the apology from his supervisor was not sincere), Morse does not allege how he suffered an adverse employment action because of his disability, as is required under both the ADA and the MHRA. *See Kallail v. Alliant Energy Corporate Servs., Inc.*, 691 F.3d 925, 930 (8th Cir. 2012); *Kammueller v. Loomis, Fargo & Co.*, 383 F.3d 779, 784 (8th Cir. 2004). Although he was eventually terminated by MISO, Morse conceded at the hearing on the summary-judgment motion that his termination had nothing to do with his disability or MISO's alleged failure to accommodate that disability. Without a showing that he suffered an adverse employment action on account of his disability, Morse cannot recover under either the ADA or the MHRA.

For these reasons, MISO's motion for summary judgment is granted, and Morse's complaint is dismissed.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. The motion for summary judgment of defendant Midwest Independent Transmission System Operator, Inc. [ECF No. 24] is GRANTED.

2. The complaint [ECF No. 1-1] is DISMISSED WITH PREJUDICE AND ON THE MERITS.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: December 11, 2013               s/Patrick J. Schiltz
                                       Patrick J. Schiltz
                                       United States District Judge